Gerrit M. Pronske
State Bar No. 16351640
Rakhee V. Patel
State Bar No. 00797213
Melanie P. Goolsby
State Bar No. 24059841
**Pronske & Patel, P.C.**
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
(214) 658-6500 – Telephone
(214) 658-6509 – Facsimile
Email: gpronske@pronskepatel.com
Email: rpatel@pronskepatel.com
Email: cstephenson@pronskepatel.com
Email: mgoolsby@pronskepatel.com

PROPOSED COUNSEL FOR PRM REALTY GROUP, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CASE NO. 10-30241-BJH-11** |
| **PRM REALTY GROUP, LLC,** | § | |
| | § | **CHAPTER 11** |
| **Debtor.** | § | |

**DEBTOR'S OBJECTION TO MOTION OF AICCO, INC. FOR RELIEF FROM
THE STAY AND FOR ADEQUATE PROTECTION, AND BRIEF IN SUPPORT**

[Re Docket No. 16]

TO THE HONORABLE BARBARA J. HOUSER
CHIEF UNITED STATES BANKRUPTCY JUDGE:

PRM Realty Group, LLC ("Debtor"), debtor and debtor-in-possession in the above-referenced bankruptcy case, files this Objection (the "Objection") to Motion of AICCO, Inc. ("AICCO") for Relief from the Stay and for Adequate Protection, and Brief in Support (the "Motion"), and would respectfully show as follows:

**LOCAL RULE 4001.1(b) STATEMENT OF ADEQUTATE PROTECTION**

The Debtor provides the following statement of adequate protection pursuant to Local Bankr. R. 4001.1(b). AICCO is adequately protected by equity Debtor holds in the Policies, as

defined in the Motion, in the form of earned premiums through the Petition Date. AICCO is further adequately protected by Debtor's willingness to pay, going forward from the Petition Date, monthly installments on the PFA with AICCO in order to maintain the Policies in effect. Additionally, the Debtor and AICCO are currently negotiating regarding the resolution of the issues raised in the Motion, and the Debtor believes those issues can be resolved prior to the final hearing on the Motion.

The Debtor further responds specifically to AICCO's Motion as follows:

**RESPONSE**

1.      The Debtor admits the allegations contained in Paragraph 1 of the Motion.

2.      The last sentence of paragraph 2 of the Motion contains legal conclusions to which the Debtor is not required to admit or deny; however, to the extent any admission or denial may be required, Debtor denies the same. The Debtor lacks sufficient information with which to admit or deny the remainder of paragraph 2 of the Motion.

3.      Paragraph 3 of the Motion contains legal conclusions to which the Debtor is not required to admit or deny; however, to the extent any admission or denial may be required, Debtor denies the same. The Debtor further responds that, to the extent the referenced exhibit is a true and correct copy of what it purports to be, the exhibit speaks for itself.

4.      Paragraph 4 of the Motion contains legal conclusions to which the Debtor is not required to admit or deny; however, to the extent any admission or denial may be required, Debtor denies the same.

5.      Paragraph 5 of the Motion contains legal conclusions to which the Debtor is not required to admit or deny; however, to the extent any admission or denial may be required, Debtor denies the same.

6.      The Debtor admits that it has failed to make payments that have become due under the PFA as defined in the Motion, but denies the remainder of the allegations in paragraph 6 of the Motion.  The last sentence of paragraph 6 of the Motion contains legal conclusions to which the Debtor is not required to admit or deny; however, to the extent any admission or denial may be required, Debtor denies the same.

7.      The Debtor admits that AICCO seeks relief from the automatic stay in its Motion, but denies the remainder of paragraph 7 of the Motion.

8.      Paragraph 8 of the Motion contains legal conclusions to which the Debtor is not required to admit or deny; however, to the extent any admission or denial may be required, Debtor denies the same.  The Debtor further responds that, to the extent AICCO is entitled to adequate protection, AICCO is adequately protected as described above.

9.      Paragraph 9 of the Motion contains legal conclusions to which the Debtor is not required to admit or deny; however, to the extent any admission or denial may be required, Debtor denies the same.  The Debtor further responds that the Debtor has equity in the Policies, as defined in the Motion, in the form of premiums earned through the Petition Date and that the Policies are necessary for the Debtor's effective reorganization because they insure property of the estate.

10.     Paragraph 10 of the Motion contains legal conclusions to which the Debtor is not required to admit or deny; however, to the extent any admission or denial may be required, Debtor denies the same.  The Debtor further responds that, to the extent AICCO is entitled to adequate protection, it is adequately protected as described above.

11.     Paragraph 11 of the Motion contains legal conclusions to which the Debtor is not required to admit or deny; however, to the extent any admission or denial may be required,

Debtor denies the same. The Debtor further objects to Paragraph 11 of the Motion to the extent

that it may be construed as a request for allowance of an administrative expense claim outside of

the procedures outlined in Section 503 of the Bankruptcy Code.

WHEREFORE, Debtor requests this Court deny AICCO's Motion in its entirety and

grant Debtor such other and further relief to which it may show itself justly entitled.

Dated: February 4, 2010.                         Respectfully submitted,

*/s/ Melanie P. Goolsby*
Gerrit M. Pronske
Texas Bar No. 16351640
Rakhee V. Patel
Texas Bar No. 00797213
Melanie P. Goolsby
Texas Bar No. 24059841
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
Telephone: 214.658.6500
Facsimile: 214.658.6509
Email: gpronske@pronskepatel.com
Email: rpatel@pronskepatel.com
Email: mgoolsby@pronskepatel.com

**PROPOSED COUNSEL FOR**
**PRM REALTY GROUP, LLC**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on February 4, 2010, I caused to be served the foregoing pleading upon counsel listed below via email and first-class mail, postage pre-paid, and also via electronic notice to all parties accepting ECF service.

Mark W. Steirer
Warren H. Smith & Associates, P.C.
Republic Center
325 N. St. Paul, Suite 1250
Dallas, TX  75201
Email: whsmith@whsmithlaw.com


*/s/ Melanie P. Goolsby*
Melanie P. Goolsby