Gerrit M. Pronske
State Bar No. 16351640
Rakhee V. Patel
State Bar No. 00797213
Melanie P. Goolsby
State Bar No. 24059841
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
(214) 658-6500 - Telephone
(214) 658-6509 – Telecopier
Email: gpronske@pronskepatel.com
Email: rpatel@pronskepatel.com
Email: mgoolsby@pronskepatel.com

**COUNSEL FOR PRM REALTY GROUP, LLC**

J. Mark Chevallier
State Bar No. 04189170
James G. Rea
State Bar No. 24051234
MCGUIRE, CRADDOCK & STROTHER, P.C.
2501 N. Harwood, Suite 1800
Dallas, TX 75201
(214) 954-6807 – Telephone
(214) 954-6850 – Telecopier
Email: mchevallier@mcslaw.com
Email: jrea@mcslaw.com

**COUNSEL FOR PETER R. MORRIS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| **In re:** | § | |
| | § | **CASE NO. 10-30240-HDH-11** |
| **PETER R. MORRIS,** | § | |
| | § | **CHAPTER 11** |
| **Debtor.** | § | |
| **In re:** | § | |
| | § | **CASE NO. 10-30241-HDH-11** |
| **PRM REALTY GROUP, LLC,** | § | |
| | § | **CHAPTER 11** |
| **Debtor.** | § | |

## JOINT THIRD MOTION TO EXTEND EXCLUSIVE TIME TO FILE
## AND CONFIRM DEBTORS' PLAN OF REORGANIZATION

TO THE HONORABLE HARLIN D. HALE,
UNITED STATES BANKRUPTCY JUDGE:

Peter R. Morris and PRM Realty Group, LLC, debtors and debtors in possession (together, the "Debtors"), file this Joint Third Motion to Extend Exclusive Time to File and Confirm Debtors' Plan of Reorganization (the "Motion") pursuant to 11 U.S.C. § 1121(d)(1), and would show the Court as follows:

## I.     JURISDICTION AND VENUE

1.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding, and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The basis for relief requested herein is 11 U.S.C. § 1121(d)(1).

## II.     BACKGROUND

3.     On January 6, 2010 (the "Petition Date"), Peter R. Morris ("Morris") filed a voluntary petition for protection under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Morris continues to operate his business and manage his property as a debtor in possession. No trustee or examiner has been appointed in Morris' Chapter 11 bankruptcy proceeding, nor has a creditors' committee or other official committee been appointed pursuant to 11 U.S.C. § 1102.

4.     Also on the Petition Date, PRM Realty Group, LLC ("PRM") filed a voluntary petition for bankruptcy protection under chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, PRM continues to operate its businesses and manage its properties as a debtor in possession. No trustee or examiner has been appointed in

PRM's Chapter 11 bankruptcy proceeding, nor has a creditors' committee or other official committee been appointed pursuant to 11 U.S.C. § 1102.

5. Morris is the President and Chief Executive Officer of PRM. His real estate activities include strategic planning and business development. He has over thirty (30) years of experience in financing, developing, and operating multi-family and commercial real estate.

6. PRM is a privately held real estate firm specializing in financing, developing, and managing world-class real estate ventures both in the United States and around the world. PRM's expertise includes all fields vital to successful real estate transactions, including finance, theoretical and practical appraisals and valuations, acquisitions, urban and development planning, marketing, architecture and design, engineering, construction, leasing and property management, strategic planning, risk analysis, law, and capital market movements. The members of PRM are Morris, who holds a 90% membership interest, and another member who holds the remaining 10% membership interest.

7. On October 22, 2010, this Court entered its Order Granting Joint Second Motion to Extend Exclusive Time to File and Confirm Debtors' Plan of Reorganization in the PRM case (the "Second Exclusivity Extension Order") [Docket No. 182], extending the exclusive time for PRM to file a Plan and Disclosure Statement to November 2, 2010 and the deadline for PRM to solicit acceptance and confirmation of any such Plan to January 5, 2011.

8. On October 26, 2010, this Court entered its Order Granting Joint Second Motion to Extend Exclusive Time to File and Confirm Debtors' Plan of Reorganization (the "Second Exclusivity Extension Order") [Docket No. 239] in the Morris case, extending the exclusive time for Morris to file a Plan and Disclosure Statement to November 2, 2010 and the deadline for Morris to solicit acceptance and confirmation of any such Plan to January 5, 2011.

### III. REPORT UNDER LOCAL BANKR. R. 3016.1(a) AND RELIEF REQUESTED

**The Debtors' Estates**

9. The Debtors filed their cases in conjunction with numerous other bankruptcy cases of entities related to and/or indirectly owned by the Debtors in an effort to reorganize the entirety of the Debtors' various real estate ventures. PRM's voluminous schedules and statement of financial affairs, which were filed on February 26, 2010 [Docket Nos. 60 & 61] and are incorporated herein by reference, show that PRM's estate is comprised of assets exceeding $29 million, with secured debts in excess of $278,000 and unsecured debts in excess of $225 million. A substantial portion of PRM's unsecured debt relates to guarantees that PRM provided creditors of its related entities. Given the volume of information contained in PRM's schedules, PRM necessarily required additional time to complete its schedules and prepare them for filing.

10. Similarly, Morris' voluminous schedules and statement of financial affairs, which were also filed on February 26, 2010 [Docket Nos. 34 & 35, and amended at Docket Nos. 88 & 106] and are incorporated herein by reference, show that Morris' estate is comprised of assets exceeding $27 million, with secured debts in excess of $60 million and unsecured debts in excess of $152 million. A substantial portion of Morris' unsecured debt also relates to guarantees that Morris provided to creditors of his related entities. Given the volume of information contained in Morris' schedules, Morris necessarily required additional time to complete his schedules and prepare them for filing.

**Successes in the Debtors' Cases**

11. It is undisputed that the Debtors' cases have been extremely active. During the course of PRM's bankruptcy case, PRM has been involved in significant bankruptcy litigation, including motions for relief from stay filed by AICCO, Inc. [Docket No. 16], SVF North Wacker

Chicago, LLC [Docket No. 47], Blue Cross Blue Shield of Illinois [Docket No. 79], Principal Life Insurance Company [Docket No. 107], and SPCP Group, LLC [Docket No. 128]. PRM successfully resolved the SVF North Wacker Chicago, LLC, Blue Cross Blue Shield of Illinois, and Principal Life Insurance Company motions before having to attend contested preliminary or final hearings. After a contested preliminary hearing on the SPCP Group, LLC motion on July 7, 2010, the Court took the matter under advisement and entered its order granting limited relief to SPCP Group, LLC on August 3, 2010 [Docket No. 168]. Finally, PRM successfully fought a motion for joint administration of all of the Morris bankruptcy cases – a move that, if granted, would have unnecessarily confused the global creditor body and significantly delayed the reorganization of each individual debtor – and obtained a reassignment of all the Morris bankruptcy cases to this Court in order to maximize judicial and administrative efficiency. *See* Order Denying Motion for Joint Administration and Granting Request for Inter-Division Reassignment [Docket No. 137].

12. PRM has obtained court approval to reject its costly pre-petition office lease and enter into a more fiscally prudent lease while simultaneously resolving a potentially large post-petition administrative claim. *See* Agreed Order entered at Docket No. 48. PRM has also obtained court approval of a more cost effective premium finance arrangement to finance its property insurance policies. *See* Order entered at Docket No. 66. Finally, PRM has also submitted proposed uncontested orders to take the Bankruptcy Rule 2004 examination of joint ventures partners concerning potentially valuable litigation claims PRM may hold arising out of a related joint venture. *See* Motion for 2004 Examination filed at Docket No. 134, Certificate of No Objection filed at Docket No. 165, and proposed orders submitted August 2, 2010.

13. During the course of Morris' bankruptcy case, Morris has been involved in various bankruptcy litigation, including motions for relief from stay filed by VW Credit, Inc. [Docket Nos. 47 & 56] and Cole Taylor Bank [Docket Nos. 67 & 68] and objections to exemption filed by SPCP Group, LLC [Docket No. 63] and Cole Taylor Bank [Docket No. 66]. The Debtor successfully resolved the VW Credit, Inc. motions and the objection to exemptions filed by SPCP. The Debtor has reached agreement with Cole Taylor Bank on its motions for relief from stay and the exemption issue. Morris either has or will be shortly filing agreed orders and a stipulation between Morris and Cole Taylor with respect to the stay motions. The Debtor has also recently successfully resolved the motions for relief from stay filed by Terri Shiree Mason [Docket No. 173] that rid the Morris estate of a $10 million claim and the motion for relief from stay filed by the Board of Directors for the 800 N. Michigan Avenue Condominium Association [Docket No. 175].

14. On June 30, 2010, the Court approved Morris's settlement with Highland Community Bank that involved paying off a $200,000 loan and paying down and extending a second $1.1 million loan through the liquidation of a certificate deposit pledged as collateral for those loans, thereby reducing the interest accruing and avoiding a large deficiency to his estate. On July 23, 2010, the Court approved Morris's settlement of a contentious Alabama State court lawsuit with the White Sands Group that would have cost significant time and resources to defend [Docket No. 195].

15. Morris continues to face litigation from SPCP Group, LLC that significantly detracts from Morris's efforts to develop a plan of reorganization. On May 6, 2010, SPCP Group, LLC, filed its Motion to Appoint Trustee, or in the Alternative, Convert to Chapter 7, or in the Alternative Appoint Examiner [Docket No. 108] that remains pending. SPCP Group, LLC

also filed a Motion for Relief from Stay [Docket No. 190] to allegedly pursue litigation in New York involving the Debtors, a Motion to Compel Discovery [Docket No. 199] filed July 27, 2010, and Notices of Issuance of Subpoena's and Requests for Production to several of Morris's financial institutions. [Docket Nos. 202, 203 & 204]. Morris will continue to attempt to resolve the pending litigation with SPCP Group, LLC efficiently, but expects significant resources will be required in the efforts to resolve it. Currently, SPCP's Motion to Appoint Trustee is set for hearing on December 1, 2010, and a number of depositions are scheduled to be taken during the month of November in connection with that Motion.

**Debtors' Involvement in Related Cases**

16. Notwithstanding the significant litigation in the Debtors' cases, the Debtors have been successful in a number of their negotiations with various creditors to resolve some of the Debtors' substantial unsecured guaranty claims. For example, the Debtors have reached settlement with: (i) guarantee creditor Hancock Bank to reduce their potential guarantee exposure from $3.8 million to $2.3 million; (ii) guarantee creditor Regions Bank to reduce their potential guarantee exposure from $8 million to $0; and (iii) guarantee creditor D. B. Zwirn Real Estate Credit Partners, LLC/Fortress Investment Group, LLC to reduce their potential guarantee exposure from over $36 million to $0.

17. The Debtors have also focused considerable effort to resolve substantial guarantee claims in the context of the plan confirmation process in the bankruptcy cases of other Morris debtors. The Debtors were closely involved in the contested confirmation hearings on the First Amended Joint Plan of Reorganization proposed by Morris debtors Maluhia One, LLC (10-30987-HDH-11) and Maluhia Eight, LLC (10-30986-HDH-11) and the First Amended Plan proposed by Morris debtor Maluhia Nine, LLC (10-30988-HDH-11) on August 16, 2010,

September 14, 2010, and October 6, 2010, the confirmation of which plans was denied by this Court by findings of fact and conclusions of law entered on October 21, 2010. While unsuccessful, the Debtors contributed significant time and energy to structuring and advocating for the Maluhia One, LLC, Maluhia Eight, LLC and Maluhia Nine, LLC Plans. The Plan of Reorganization proposed by Morris debtor PMP II, LLC (10-30252-HDH-11) was confirmed by order entered on August 17, 2010. Mr. Morris and others in his organization devoted substantial time in connection with these reorganization efforts, which necessarily precluded them from focusing on the development of a plan at the PRM and individual case levels.

18. Finally, the Debtors are actively involved in the PRM Development, LLC (10-35547-HDH-11), Hans Lollick Land Company, LLLP (10-36161-HDH-11) and Little Hans Lollik Holdings, LLP (10-36159-HDH-11) cases involving two islands off the coast of St. Thomas, United States Virgin Islands. The Debtors assisted PRM Development, LLC in successfully defending against a motion for relief from stay filed by Liberty Bankers Life Insurance Company [Docket No. 65] and are closely assisting in the ongoing negotiations and formulation of a combined plan of reorganization for those entities to be filed in due course. The islands are an important asset of the Debtors and will yield significant benefit to the Debtors' creditors if a successful reorganization can be accomplished given the large equity spread between the debt and the value. Furthermore, Morris is a guarantor of certain of the debt owed on the islands.

**Requested Relief**

19. With the resolution of the proposed plans in the PMP II, LLC, Maluhia One, LLC, Maluhia Eight, LLC, and Maluhia Nine, LLC cases, the Debtors are just now able to assess the potential guaranty liabilities that will flow through these related entities to the Debtors' estates

JOINT THIRD MOTION TO EXTEND EXCLUSIVE TIME TO FILE AND CONFIRM DEBTORS' PLAN OF REORGANIZATION -- Page 8 of 12

and model a proposed joint plan of reorganization. Additionally, there remain unresolved issues in the Debtors' own cases that require additional attention before the Debtors can propose their plans of reorganization, particularly concerning the Motion to Appoint Trustee filed in Morris' case. By this Motion, the Debtors request an additional approximately 60-day extension of the 120-day exclusivity period for the Debtors to file their plans of reorganization, up to and including January 3, 2010, and an approximately 90-day extension of the 180-day exclusivity period to confirm a plan of reorganization, up to and including March 7, 2011. The Debtors believe they will be able to prepare and file a proposed joint plan of reorganization on or before the extended deadline requested herein. The requested extension of these deadlines in this Motion does not exceed the maximum extension allowed under Section 1121(d)(2).

### IV. ARGUMENTS AND AUTHORITIES

20. Section 1121 of the Bankruptcy Code provides, in relevant part, as follows:

> (b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.
>
> (c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if—
> (1) a trustee has been appointed under this chapter;
> (2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or
> (3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.
>
> (d)
> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

(2)
    (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
    (B) The 180-day period specified in paragraph (1) may not be extended beyond date that is 20 months after the date of the order for relief under this chapter.

21. Cause exists to extend the 120-day and 180-day period. The Debtors have not been dilatory in their efforts toward reorganization. As described above, the Debtors have made substantial progress to reduce and/or settle significant claims against their estates, including successful negotiations with creditors with large guarantee claims securing debts against related debtors. Further, the recent results concerning the confirmation of proposed plans of reorganization in related Morris debtor cases affect unsecured guaranty claims against the Debtors, and the Debtors require additional time to structure a proposed plan of reorganization that incorporates these results. Although the Debtors have made significant progress in these efforts, there is much more work to be done, and they require additional time to fully resolve and conclude these negotiations and prepare feasible plans of reorganization in their own cases.

22. The extension requested herein will not extend the exclusive period for the Debtors to file a proposed plan of reorganization beyond 18 months past the Petition Date and will not extend the exclusive period for the Debtors to confirm a plan of reorganization beyond 20 months past the Petition Date.

### V. NOTICE

23. Notice of this Motion has been provided to all creditors of the Debtors, parties who have filed a notice of appearance, and to the United States Trustee.

WHEREFORE, the Debtors respectfully request (i) an extension of the deadline to file a plan of reorganization for approximately 60 days, up to and including January 3, 2011, (ii) an

extension of time to confirm a plan of reorganization for approximately 60 days, up to and including March 7, 2011, and (iii) any such other and further relief, whether in law or in equity, to which the Debtors are entitled.

Dated: November 2, 2010.

Respectfully submitted,

*/s/ Melanie P. Goolsby*
Gerrit M. Pronske
Texas Bar No. 16351640
Rakhee V. Patel
Texas Bar No. 00797213
Melanie P. Goolsby
Texas Bar No. 24059841
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
Telephone: 214.658.6500
Facsimile: 214.658.6509
Email: gpronske@pronskepatel.com
Email: rpatel@pronskepatel.com
Email: mgoolsby@pronskepatel.com

**COUNSEL FOR PRM REALTY GROUP, LLC**

*/s/ J. Mark Chevallier*
J. Mark Chevallier
State Bar No. 04189170
James G. Rea
State Bar No. 24051234
MCGUIRE, CRADDOCK & STROTHER, P.C.
2501 N. Harwood, Suite 1800
Dallas, TX 75201
(214) 954-6807 – Telephone
(214) 954-6850 – Telecopier
Email: mchevallier@mcslaw.com
Email: jrea@mcslaw.com

**COUNSEL FOR PETER R. MORRIS**

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that, on November 2, 2010, I conferred with Ms. Erin Schmidt, counsel for the United States Trustee, regarding the substance and merits of this motion, and Ms. Schmidt indicated that the United States Trustee reserves the right to object to the Motion upon its review of same.

*/s/ Melanie P. Goolsby*
Melanie P. Goolsby

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on November 2, 2010, I caused to be served the foregoing pleading upon the attached service list via the Court's electronic transmission facilities and/or United States mail, first class delivery.

*/s/ Melanie P. Goolsby*
Melanie P. Goolsby